IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-00576-PAB-KMT

STATE RESOURCES CORP., an Iowa corporation,

    Plaintiff,

v.

NATURE'S WAY DAIRY LLC, et al.,

    Defendants.

## ORDER

This matter is before the Court on plaintiff's third motion for entry of default judgment against defendants Nature's Way Dairy, LLC, Ronald A. Cook, Patricia Cook, and George T. Cook [Docket No. 37] as well as plaintiff's motion to withdraw that motion to the extent it seeks default judgment against defendants Ronald A. Cook and Patricia Cook [Docket No. 42]. Plaintiff filed the motion to withdraw upon discovering that defendants Ronald A. Cook and Patricia Cook filed for Chapter 11 bankruptcy on January 25, 2011, *see* Docket No. 42 at 1-2, which resulted in an automatic stay of plaintiff's claims against them pursuant to 11 U.S.C. § 362(a).

Consequently, plaintiff's motion for default judgment now seeks judgment as to "one or more, but fewer than all, . . . parties." Fed. R. Civ. P. 54(b). Therefore, the Court may "direct entry of a final judgment . . . only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b); *cf. Corsello v. Lincare, Inc.*, 276 F.3d 1229, 1230 (11th Cir. 2001) (concluding that a Rule 54(b) judgment is

required in order for court of appeals to have jurisdiction where a claim subject to bankruptcy stay remained pending). In determining whether to enter judgment pursuant to Rule 54(b), the Court is to "weigh[ ] Rule 54(b)'s policy of preventing piecemeal appeals against the inequities that could result from delaying an appeal." *Stockman's Water Co., LLC v. Vaca Partners, L.P.*, 425 F.3d 1263, 1265 (10th Cir. 2005). Ultimately, the granting of a Rule 54(b) motion is left to the sound discretion of the trial court, which "must take into account judicial administrative interests as well as the equities involved." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980). Plaintiff, however, has not sought entry of judgment pursuant to Rule 54(b) or otherwise identified a basis upon which the Court can expressly determine that entry of a Rule 54(b) judgment is justified in this case.

Therefore, it is

**ORDERED** that plaintiff's motion to withdraw its motion for entry of default judgment as to defendants Ronald A. Cook and Patricia Cook [Docket No. 42] is GRANTED. It is further

**ORDERED** that plaintiff's third motion for entry of default judgment against defendants Nature's Way Dairy, LLC and George T. Cook [Docket No. 37] is DENIED. It is further

**ORDERED** that plaintiff's second motion for entry of default judgment [Docket No. 31] is DENIED as moot.

DATED March 16, 2011.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge