IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-00576-PAB-KMT

STATES RESOURCES CORP., an Iowa corporation,

    Plaintiff,

v.

NATURE'S WAY DAIRY LLC, a Colorado Limited Liability Company, and
GEORGE T. COOK, also known as George Trent Cook,

    Defendants.

---

**ORDER**

---

This matter comes before the Court on plaintiff's Verified Motion for Entry of Default Judgment Against Defendants Nature's Way Dairy LLC, and George T. Cook [Docket No. 44]. In order to obtain a judgment by default, a party must follow the two-step process described in Federal Rule of Civil Procedure 55. First, he or she must seek an entry of default from the Clerk of the Court under Rule 55(a). Second, after default has been entered by the Clerk, the party must seek default judgment according to the strictures of Rule 55(b). *See Williams v. Smithson*, No. 95-7019, 1995 WL 365988 at *1 (10th Cir. June 20, 1995) (unpublished table opinion) (citing *Meehan v. Snow*, 652 F.2d 274, 276 (2nd Cir. 1981)); *Nasious v. Nu-Way Real Estate*, No. 07-cv-01177-REB-MEH, 2008 WL 659667, at *1 (D. Colo. Mar. 6, 2008).

In this case, the Clerk of the Court entered default pursuant to Rule 55(a) against defendant George T. Cook ("Cook") on July 30, 2010, *see* Docket No. 17, and Nature's

Way Dairy, LLC ("Nature's Way") on February 4, 2011, *see* Docket No. 41. In its motion, plaintiff seek entry of default judgment pursuant to Rule 55(b) against Nature's Way and Cook.

The decision to enter default judgment is "'committed to the district court's sound discretion . . . .'" *Olcott v. Del. Flood Co.*, 327 F.3d 1115, 1124 (10th Cir. 2003) (quoting *Dennis Garberg & Assocs. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 771 (10th Cir. 1997)). When exercising that discretion, the Court considers that "[s]trong policies favor resolution of disputes on their merits." *Ruplinger v. Rains*, 946 F.2d 731, 732 (10th Cir. 1991) (quotations marks and citations omitted). "The default judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party." *Id.* It serves to protect a plaintiff against "interminable delay and continued uncertainty as to his rights." *Id.* at 733.

Neither Nature's Way nor Cook has sought relief from the entry of default or otherwise attempted to participate in this litigation. Defendants may not simply sit out the litigation without consequence. *See Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444-45 (10th Cir. 1983) ("[A] workable system of justice requires that litigants not be free to appear at their pleasure. We therefore must hold parties and their attorneys to a reasonably high standard of diligence in observing the courts' rules of procedure. The threat of judgment by default serves as an incentive to meet this standard."). One such consequence is that, upon the entry of default against defendants, the well-pleaded allegations in the complaint are deemed admitted. *See Olcott*, 327 F.3d at 1125; *see also* 10A Charles Wright, Arthur Miller & Mary Kane,

Federal Practice & Procedure § 2688 (3d ed. 2010). "Even after default, however, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." 10A Charles Wright, Arthur Miller & Mary Kane, Federal Practice & Procedure § 2688 (3d ed. 2010).

Plaintiff seeks to enforce a promissory note against Nature's Way and a guaranty of that note by Cook. The Court has reviewed the well-pleaded allegations in plaintiff's complaint [Docket No. 1] and finds that the facts alleged, accepted as true, support the award of principal and interest requested. Plaintiff, however, further requests an award of attorney's fees pursuant to provisions in the note and guaranty which provide for an award of reasonable attorney's fees. *See* Docket No. 1-1 at 3, ¶ 15; 29, ¶ 11. Plaintiff has provided no support for the particular fee it has requested. *See* Docket No. 44 at 6-7. Therefore, the Court will not grant such relief at this time. Therefore, it is

**ORDERED** that plaintiff's Verified Motion for Entry of Default Judgment Against Defendants Nature's Way Dairy LLC, and George T. Cook [Docket No. 44] is GRANTED in part and DENIED in part. It is further

**ORDERED** that judgment shall enter in favor of plaintiff and against defendants Nature's Way and Cook for unpaid indebtedness consisting of principal in the amount of $183,948.83, and interest in the amount of $26,147.39 as of January 12, 2011 and interest after January 12, 2011 at the rate of 9.25% per annum, being $47.26463 per day. Plaintiff may have its costs upon compliance with D.C.COLO.LCivR 54.1. It is

further

**ORDERED** that plaintiff is granted leave to file a post-judgment motion for attorney's fees pursuant to D.C.COLO.LCivR 54.3.

DATED June 7, 2011.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge